UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY D. KNOX,

      Petitioner,

  v.                                    Case No. 03-cv-4026-JPG

UNITED STATES OF AMERICA,

      Respondent.

## **MEMORANDUM AND ORDER**

      This matter comes before the Court on petitioner Larry D. Knox's Rule 60(b) motion for relief from judgment (Doc. 44). The court entered judgment (Doc. 33) on July 13, 2005, denying denied the petitioner's motion under 28 U.S.C. § 2255. In his current motion, the petitioner reargues the issues he raised in his original petition.

      A post-judgment motion such as a Rule 60(b) motion that advances a claim, that is, a new ground for relief from a conviction or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). However, a Rule 60(b) motion that does not assert or reassert claims of error in the conviction and instead points to a defect in the integrity of the § 2255 proceedings is not a successive petition but a genuine Rule 60(b) motion. *Gonzalez*, 125 S. Ct. at 2651; *see Scott*, 414 F.3d at 816.

      Knox's pending motion reasserts many of the same arguments on the merits that he raised in his § 2255 petition. To the extent the motion presents such arguments on the merits, it is a successive petition under the rule of *Gonzalez*.

Knox also presents one argument challenging a defect in a procedural ruling – that he had procedurally defaulted his claim based on *Blakely v. Washington*, 542 U.S. 296 (2004). Despite Knox's challenge to that ruling, the Court believes that Knox's motion is, in substance, a successive petition. In addition to finding that Knox had procedurally defaulted his claim, the Court also addressed the merits of that claim, finding that *United States v. Booker*, 543 U.S. 220 (2005), the case applying *Blakely* to the United States Sentencing Guidelines, was not retroactively applicable to cases on collateral review. Since the Court has already addressed the merits of Knox's *Blakely* argument, and the reconsideration he seeks now would only serve to bring the Court to address the claim on the merits a second time, the Court finds that Knox's current motion is, at its heart, an attack on the Court's prior ruling on the merits and therefore a successive § 2255 petition.

In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Knox's motion (Doc. 44) and **DISMISSES** it for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED: September 29, 2006**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**